UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUANGFU LYU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00533-PHK<br><br>**ORDER TO SHOW CAUSE** |

Now before the Court is the issue of whether or not Plaintiff has properly effected service on the named Defendants in this case. Plaintiff, proceeding *pro se*, commenced this lawsuit on January 29, 2024, naming Alejandro Mayorkas and Merrick Garland as Defendants. [Dkt. 1].

Federal Rule of Civil Procedure 4(m) sets forth the following requirements for service of plaintiff's complaint on the named defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than ninety days have passed since Plaintiff's Complaint was filed, and the docket does not reflect that the complaint was served as to either Defendant. Nor has Plaintiff requested any extension of time to serve the complaint on Defendants. Plaintiff's failure to properly serve the complaint on Defendants within the time limit prescribed by Rule 4(m) is grounds for dismissal of this case without prejudice, in the absence of justification for the failure.

As a *pro se* litigant, Plaintiff is responsible for reviewing and complying with the pertinent Federal Rules of Civil Procedure. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming dismissal of *pro se* litigant's case for failure to comply with procedural rules).

In light of the foregoing, the Court **ORDERS** Plaintiff to show cause (*i.e.*, explain to the Court) why this case should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for failure to properly serve the complaint on the Defendants within the deadline for doing so. Therefore, by this Order, the Court **INSTRUCTS** Plaintiff either to file with the Court a written explanation by June 24, 2024 which sets forth:

(1) why service of the complaint on Defendants has not yet been completed,

(2) whether Plaintiff is requesting an extension of time to complete service of the complaint, and

(3) whether there are legally sufficient reasons to justify both the delay in service and the request (if any) for an extension of the deadline for service (and what those reasons are).

In the alternative, if the Plaintiff has already served the complaint on the Defendants, the Court **INSTRUCTS** Plaintiff to file proofs of service promptly with the Court, and in any event, no later than June 24, 2024.

Accordingly, **IT IS ORDERED THAT**:

1. On or before **June 24, 2024**, Plaintiff shall file a written response with the Court which shows cause as to why this Court should not dismiss this case due to Plaintiff's failure to complete service on Defendants within ninety days of filing the case as required by Federal Rule of Civil Procedure 4(m). Instead of a response to show cause, Plaintiff may simply file proofs of service regarding Defendants (if such service has been completed) on or before **June 24, 2024**.

2. The Court hereby provides Plaintiff **NOTICE** that failure to comply with this Order to Show Cause, as directed herein, will result in the Court's issuance of a recommendation that this case be dismissed, in its entirety, pursuant to Federal Rule of

Civil Procedure 4(m) due to failure to complete service.

3. The Court **ADVISES** Plaintiff that there are several resources for *pro se* litigants with regard to proceedings in this Court, including resources on the Court's website. *See, e.g.,* https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf.

**IT IS SO ORDERED.**

Dated: May 22, 2024

PETER H. KANG
United States Magistrate Judge